IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JONATHAN KAPLAN, ) | |
| ) | |
|    Plaintiff/Counter-Defendant, ) | |
| ) | No. 08 C 752 |
| v. ) | |
| ) | |
| SUSQUEHANNA INTERNATIONAL ) | Judge Manning |
| GROUP, LLP LONG TERM ) | |
| DISABILITY PLAN, Designated for ) | Magistrate Judge Nolan |
| Employees of Susquehanna ) | |
| International Group, LLP., STANDARD ) | |
| INSURANCE COMPANY, in its ) | |
| capacity as Administrator of the Plan, ) | |
| ) | |
|    Defendants/Counter-Plaintiffs. ) | |

**DEFENDANTS' ANSWER TO THE COMPLAINT AND COUNTERCLAIM**

Defendants/counter-plaintiffs, LONG TERM DISABILITY PLAN ("Plan"), incorrectly named as SUSQUEHANNA INTERNATIONAL GROUP, LLP LONG TERM DISABILITY PLAN, and STANDARD INSURANCE COMPANY ("Standard") (collectively, "defendants"), by their attorneys, Michael J. Smith and Warren von Schleicher, hereby submit their Answer to the Complaint and Counterclaim against the plaintiff/counter-defendant, JONATHAN KAPLAN ("Kaplan" or "plaintiff"), and state as follows:

1.    Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. Sect. 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan administered by Standard Insurance Company ("Standard") for the benefit of employees of Susquehanna International Group, LLP. [sic]  That are dependent upon an employee's continued receipt of long-term disability benefits.

ANSWER: The Plan and Standard admit that this action is within the jurisdiction of this court pursuant to 29 U.S.C. §1332(e)(1) and (f), and further state that federal jurisdiction is based on 28 U.S.C. §1331. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 1 of the Complaint.

2. The ERISA status [sic] provides, at 29 U.C.C. Sect. 1133, a mechanism for administrative of internal appeal of benefits denials.

ANSWER: The Plan and Standard admit that 29 U.S.C. §1133 states that which it states. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 2 of the Complaint.

3. Plaintiff has exhausted all of his pre-suit appeals. Venue is proper in the Northern District of Illinois 29 U.S.C. Sect. 1132(e)(2), 28 U.S.C. Sect. 1391.

ANSWER: The Plan and Standard admit the allegations contained in paragraph 3 of the Complaint.

**Nature of Action**

4. This is a claim seeking payment of disability income benefits pursuant to a long-term disability plan administered by Standard to provide long-term disability income benefits to employees of Susquehanna International Group, LLP. This action, seeking recovery of benefits, is brought pursuant to Sect. 502(a)(1)(B) of ERISA (29 U.S.C. Sect. 1132 (a)(1)(B).

ANSWER: The Plan and Standard deny that Standard is the Plan Administrator. The Plan and Standard admit that plaintiff has statutory standing to bring a civil action under 29 U.S.C. §1132(a)(1)(B), and that the plaintiff seeks payment of disability income benefits pursuant to a long term disability plan. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 4 of the Complaint.

**The Parties**

5.      Jonathan Kaplan was a resident of Chicago, Illinois at relevant times, and is now a resident of Pinkerington, Ohio. (Kaplan) [sic]

ANSWER:     The Plan and Standard admit that at relevant times the plaintiff was a resident of Chicago, Illinois.  The Plan and Standard are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

6.      Susquehanna International Group, LLP. Long Term Disability Plan (Plan) is an employee benefit plan sponsored by Susquehanna International Group, LLP. and administered by Standard for the benefit of its employees under Policy Number 124961-A.  A true and correct copy of the Plan is attached as Exhibit A.

ANSWER:     The Plan and Standard admit that the Plan is an employee benefit plan sponsored by Susquehanna International Group, LLP for its employees under Policy Number 124961-A.  The Plan and Standard deny that Standard is the Plan Administrator.  Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1); and incident to his employment, Kaplan received coverage under the Plan as "participant" as defined by 29 U.S.C. Sect. 1002(7).

ANSWER:     The Plan and Standard admit that the Plan constituted an employee welfare benefit plan pursuant to 29 U.S.C. §1002(1), and that, for a period of time, the plaintiff was a participant in the Plan pursuant to 29 U.S.C. § 1002 (7).  Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 7 of the Complaint.

**Statement of Facts**

8.  Kaplan was actively employed by Susquehanna International Group, LLP. as a Floor Trader until October 25, 2002, when he had to cease working due to herniated discs with neurological abnormalities that are documented by electromyogram and computerized tomography or magnetic resonance imaging, scoliosis, radiculopathies that are documented by electromyogram, neurologic disease, and resulting medical symptoms and functional limitations.

ANSWER:    The Plan and Standard admit that for a period of time the plaintiff was employed by Susquehanna International Group, LLP as a floor trader.  Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 8 of the Complaint.

9.  Kaplan has not engaged in any substantial gainful activity since that date.

ANSWER:    The Plan and Standard deny the allegations contained in paragraph 9 of the Complaint.

9 [sic]. Subsequent to his ceasing his active employment, Kaplan applied for benefits under the plan, and his application alleged that due to his condition, he was entitled to benefits in the amount of $10,000.00 per month due to qualifying disability under the plan.

ANSWER:    The Plan and Standard admit that the plaintiff submitted a claim for benefits under the Plan, and that the plaintiff claimed entitlement to benefits in the monthly amount of $10,000.00.  Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 9 [sic] of the Complaint.

10.  Kaplan was found to meet the definition of disability, and was paid $10,000.00 per month from after the expiration of the 180-day waiting period, April 23, 2003, for 24 months, until April 22, 2005.

ANSWER: The Plan and Standard admit that, after the 180-day elimination period, for a 24-month period commencing on or about April 23, 2003 until April 22, 2005, the plaintiff was paid disability benefits in the monthly amount of $10,000.00. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Thereafter, continuing benefits past April 22, 2005 were denied to Kaplan by letter dated June 21, 2004, based upon the claim by the defendants that the claim was limited by the 24 month Maximum Benefit Period for 'depression, anxiety, and cervical degenerative disc disease.

ANSWER: The Plan and Standard admit that, by a letter dated June 21, 2004, the plaintiff's claim to recover disability benefits for the period after April 22, 2005 was declined, based, *inter alia*, on the Disabilities Subject to Limited Pay Periods provision of the Plan. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 11 of the Complaint.

12. After receiving Standard's denial of continuing benefits, Kaplan submitted a detailed appeal of the benefits denial which contained substantial medical and other evidence, that support Kaplan's claim that his medical problems continue to meet the standard of disability under the policy, notwithstanding the 24-month limitations.

ANSWER: The Plan and Standard admit that the plaintiff appealed Standard's decision, on behalf of the Plan, to decline the plaintiff's claim for long term disability benefits. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 12 of the Complaint.

13. Without cause or reasonable justification, Standard denied Kaplan's appeals and affirmed its decision to terminate benefits.

ANSWER: The Plan and Standard admit that Standard, on behalf of the Plan, declined the plaintiff's appeal and affirmed its decision to terminate benefits. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Standard's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

ANSWER: The Plan and Standard admit that all avenues of administrative appeal have been exhausted, and that this matter is ripe for judicial review. Except as admitted, the Plan and Standard deny the remaining allegations contained in paragraph 14 of the Complaint.

15. Kaplan is entitled to disability benefits retroactive to April 23, 2005, at $10,000.00 per month, plus interest on all overdue payments at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a, and continuing benefits.

ANSWER: The Plan and Standard deny the allegations contained in paragraph 15 of the Complaint.

## ADDITIONAL DEFENSES

1. The Plan confers upon Standard the discretionary authority to determine the plaintiff's eligibility for long term disability benefits under the Group Long-Term Disability Insurance Policy issued to Susquehanna International Group, LLP. Standard's benefit determination, therefore, is properly reviewed by the court pursuant to the arbitrary and capricious standard.

2. Standard's administrative determination with respect to the plaintiff's claim for long term disability benefits, and any administrative appeal thereof, was reasonable and permissible and not arbitrary and capricious.

3. Only the Plan is the proper party to the plaintiff's claims for benefits under §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B). Standard, as claims administrator and insurer, is not a proper defendant.

4. The plaintiff's claimed medical condition is subject to the Plan's provision for Disabilities Subject to Limited Pay Periods, which establishes a maximum 24 month benefit period. Accordingly, the plaintiff is not eligible to recover long term disability benefits under the Plan beyond 24 months.

5. The plaintiff's exclusive remedy is to assert a claim for benefits under §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B). To the extent that the plaintiff claims that he is entitled to any remedies under state law, including interest, such claims are preempted by §514(a) of ERISA, 29 U.S.C. §1144(a).

6. To the extent that the plaintiff is adjudicated to be entitled to recover long term disability benefits under the Plan (which defendants expressly deny), such recovery is subject to all applicable setoffs and Deductible Income thereunder.

WHEREFORE, defendants, LONG TERM DISABILITY PLAN, incorrectly named as SUSQUEHANNA INTERNATIONAL GROUP, LLP LONG TERM DISABILITY PLAN, and STANDARD INSURANCE COMPANY, request that the court dismiss the Complaint with prejudice, and award to the Plan and Standard their costs and reasonable attorneys' fees incurred herein, pursuant to 29 U.S.C. §1132(g).

## COUNTERCLAIM

1.  This is an action by the Plan and its insurer and claims administrator, Standard, to recover overpaid long term disability benefits obtained by Kaplan, by reason of Kaplan's receipt of monies from third party sources which constitute a setoff to the amount of disability benefits payable under the Plan.

2.  The Plan is an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA"). The Plan has statutory standing to assert this counterclaim pursuant to 29 U.S.C. 1132(d) and 29 U.S.C. §1132(a)(3). Kaplan was a participant in the Plan pursuant to ERISA.

3.  Standard is a fiduciary of the Plan under ERISA with respect to the administration and payment of claims for long term disability benefits. As a fiduciary of the Plan, Standard has statutory standing to assert this counterclaim pursuant to 29 U.S.C. §1132(a)(3).

## JURISDICTION AND VENUE

4.  The counterclaim asserted by the Plan and Standard arises under 29 U.S.C. §1132(a)(3) or, alternatively, under the federal common law of ERISA. Federal jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391. The Plan and Standard request the court to grant the relief requested herein pursuant to the *de novo* standard of judicial review.

## COUNT I

5.  The Plan, through Standard, paid long term disability benefits to Kaplan from April 23, 2003 to April 22, 2005 in the total amount of $236,389.17, which was the maximum benefit payable pursuant to the Plan's provision for Disabilities Subject to Limited Pay Periods.

6. The Plan documents provide that the monthly amount of long term disability benefits payable under the Plan is to be reduced by the monthly amount of Social Security disability benefits received by Kaplan for the corresponding month. The Plan documents further provide that the monthly amount of long term disability benefits payable under the Plan is to be reduced by any work earnings received by Kaplan. A true and correct copy of the Plan, which consists of the Group Long Term Disability Insurance Policy No. 124961-A ("Group Policy") and the Certificate and Summary Plan Description, are attached hereto as Exhibits A and B, respectively.

7. During the period from April 23, 2003 to April 22, 2005, at the same time that Kaplan was receiving long term disability benefits from the Plan and Standard, Kaplan also was receiving (i) Social Security disability benefits from the Social Security Administration and (ii) work earnings as a result of his professional gambling activities, namely, from playing professional poker.

8. Kaplan's receipt of Social Security disability benefits and work earnings constitute Deductible Income under the Plan. The Plan defines Deductible Income, in relevant part, as follows:

> Your Work Earnings, as described in the Return to Work Provisions. […]
>
> Any amount you, your spouse, or your child under age 18 receive or are eligible to receive because of your disability or retirement under:
> a. The Federal Social Security Act; ….

(Ex. A, Group Policy, pg. 11).

9. The Plan provides that Plan participants must notify Standard of the participant's receipt of Deductible Income:

> We will not deduct pending Deductible Income until it becomes payable. You must notify us [Standard] of the amount of the Deductible Income

>when it is approved.  You must repay us for the resulting overpayment of your claim.

(Ex. A, Group Policy, pg. 13).

      10.    Kaplan failed to inform the Plan or Standard of the amount of Social Security disability benefits and the amount of work earnings received by him which constitute Deductible Income under the Plan.  On information and belief, Kaplan's disability claim was overpaid in an amount in excess of $46,000.00 by reason of his receipt of Social Security disability benefits.  Standard is unable to determine, at this time, the amount of work earnings received by Kaplan which constitutes Deductible Income under the Plan.

      11.    Pursuant to 29 U.S.C. §1132(a)(3), *Sereboff v. Mid Atlantic Medical Services, Inc.*, 126 S.Ct. 1869 (2006) and the terms of the Plan, an equitable lien arose on and attached to the long term disability benefits received by Kaplan in the amount of the overpayment, by reason of Kaplan's receipt of Deductible Income.

      12.    Kaplan has been unjustly enriched by receiving and retaining overpaid long term disability benefits in an amount to be determined by the court, but presently believed to be in excess of $46,000.00.  The Plan and Standard further seeks to recover their reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. §1132(g).

    WHEREFORE, defendants, LONG TERM DISABILITY PLAN, incorrectly named as SUSQUEHANNA INTERNATIONAL GROUP, LLP LONG TERM DISABILITY PLAN, and STANDARD INSURANCE COMPANY, request that the court enter judgment in their favor and against plaintiff/counter-defendant, JONATHAN KAPLAN, in the amount of the overpayment, plus court costs and reasonable attorneys' fees.

          Respectfully submitted,


          By:   /s/ Warren von Schleicher
               Attorney for Long Term Disability Plan and
               Standard Insurance Company

Michael J. Smith
Warren von Schleicher
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, Illinois  60603
(312) 541-0300

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2008, I electronically filed the foregoing using the CM/ECF system, which sent electronic notice to the following registered attorney:

Mr. Roger S. Hutchison
Dobbs & Hutchison
47 W. Polk St., Suite M-2
Chicago, Illinois 60605

                Respectfully submitted,

                /s/Warren von Schleicher
                Smith, von Schleicher & Associates
                39 S. LaSalle St., Suite 1005
                Chicago, Illinois 60603
                (312) 541-0300
                (312) 541-0933 Facsimile
                E-Mail: warren.vonschleicher@svs-law.com
                ARDC #6197189