UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN KAPLAN, | ) | |
| | ) | |
| Plaintiff, | ) | No.   08 C 752 |
| | ) | |
| vs. | ) | Judge Manning |
| | ) | |
| SUSQUEHANNA INTERNATIONAL GROUP, LLP. | ) | Magistrate Judge |
| LONG TERM DISABILITY PLAN, | ) | Nolan |
| Designated for Employees of | ) | |
| Susquehanna International Group. LLP., | ) | |
| STANDARD INSURANCE COMPANY, | ) | |
| in its capacity as Administrator | ) | |
| of the Plan; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

Now comes the Plaintiff, JONATHAN KAPLAN, by his attorneys, DOBBS AND HUTCHISON, and in Answer to the Defendants' counterclaim, states:

1.   This is an action by the Plan and its insurer and claims administrator, Standard to recover overpaid long term disability benefits obtained by Kaplan, by reason of Kaplan's receipt of monies from third party sources which constitute a setoff to the amount of disability benefits payable under the Plan.

ANSWER: Plaintiff admits the nature of the action, but otherwise denies the remaining allegations contained within Paragraph 1.

2. The Plan is an employee welfare benefit plan pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sect. 1001 et. seq. ("ERISA"). The Plan has statutory standing to assert this counterclaim pursuant to 29 U.S.C. 1132(d) and 29 U.S.C. Sect. 1132(a)(3). Kaplan was a participant in the Plan pursuant to ERISA.

ANSWER: Plaintiff admits the allegations of Paragraph 2.

3. Standard is a fiduciary of the Plan under ERISA with respect to the administration and payment of claims for long term disability benefits. As a fiduciary of the Plan, Standard has statutory standing to assert this counterclaim pursuant to 29 U.S.C. Sect. 1132(a)(3).

ANSWER: Plaintiff admits the allegations of Paragraph 3.

4. The counterclaim asserted by the Plan and Standard arises under 29 U.S.C. Sect. 1132(a)(3) or, alternatively, under the federal common law of ERISA. Federal jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. Sect. 1331 and supplemental jurisdiction pursuant to 28 U.S.C. Sect. 1367(a). Venue is proper pursuant to 29 U.S.C. Sect. 1132(e)(2) and 28 U.S.C. Sect. 1391. The Plan and Standard request the

court to grant the relief requested herein pursuant to the de novo standard of judicial review.

ANSWER: Plaintiff admits the allegations of Paragraph 4.

**COUNT I**

5. The Plan, through Standard, paid long term disability benefits to Kaplan from April 23, 2003 to April 22, 2005 in the total amount of $234,389.17, which was the maximum benefit payable pursuant to the Plan's provision for Disabilities Subject to Limited Pay Periods.

ANSWER: Plaintiff admits the allegations of Paragraph 5.

6. The Plan documents provide that the monthly amount of long term disability benefits payable under the Plan is to be reduced by the monthly amount of Social Security disability benefits received by Kaplan for the corresponding month. The Plan documents further provide that the monthly amount of long term disability benefits payable under the Plan is to be reduced by any work earnings received by Kaplan. A true and correct copy of the Plan, which consists of the Group Long Term Disability Insurance Policy No. 124961-A ("Group Policy") and the Certificate and Summary Plan Description, are attached hereto as Exhibits A and B, respectively.

ANSWER: Plaintiff admits the allegations of Paragraph 6, subject to the caveat that the language of the contract governs this issue.

7. During the period from April 23, 2003 to April 22, 2005, at the same time that Kaplan was receiving long term disability benefits from the Plan and Standard, Kaplan also was receiving (i) Social Security disability benefits from the Social Security Administration and (ii) work earnings as a result of his professional gambling activities, namely, from playing professional poker.

ANSWER: Plaintiff denies the allegations of Paragraph 7.

8. Kaplan's receipt of Social Security disability benefits and work earnings constitute Deductible Income under the Plan. The Plan defines Deductible Income, in relevant part, as follows:

> Your Work Earnings, as described in the Return to Work Provisions. [...]
>
> Any amount you, your spouse, or your child under age 18 receive or are eligible to receive because of your disability or retirement under:
> a. The Federal Social Security Act;...

ANSWER: Plaintiff admits that the language quoted from the Plan is contained within the Plan. Otherwise, Plaintiff denies the allegations of Paragraph 8.

9.   The Plan provides that Plan participants must notify Standard of the participant's receipt of Deductible Income:

> We will not deduct pending Deductible Income until it becomes payable. You must notify us [Standard] of the amount of the Deductible Income when it is approved. You must repay us for the resulting overpayment of your claim.

(Ex. A, Group Policy, pg. 13)

ANSWER:   The Plaintiff admits that the quoted language is contained within the Plan.

10.   Kaplan failed to inform the Plan or Standard of the amount of Social Security disability benefits and the amount of work earnings received by him which constitute Deductible Income under the Plan. On information and belief, Kaplan's disability claim was overpaid in an amount in excess of $46,000.00 by reason of his receipt of Social Security Disability benefits. Standard is unable to determine, at this time, the amount of work earnings received by Kaplan which constitutes Deductible Income under the Plan.

ANSWER:   The Plaintiff denies the allegations of Paragraph 10.

11.   Pursuant to 29 U.S.C. Sect. 1132 (a)(3), Sereboff v. Mid Atlantic Medical Services, Inc., 126 S.St. 1869 (2006) and the terms of the Plan, an equitable lien arose on and attached to the long term disability benefits received by Kaplan in the

5

amount of the overpayment, by reason of Kaplan's receipt of Deductible Income.

ANSWER: The Plaintiff denies the allegations of Paragraph 11, except that the Plaintiff admits that if the Defendants hereafter reinstate the policy and retroactively pay back benefits due to the Plaintiff, that the Social Security Disability payments received by the Plaintiff would be deductible from the retroactive back pay.

12. Kaplan has been unjustly enriched by receiving and retaining overpaid long term disability benefits in an amount to be determined by the court, but presently believed to be in excess of $46,000.00. The Plan and Standard further seeks to recover their reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. Sect. 1132(g).

ANSWER: The Plaintiff denies the allegations of Paragraph 12.

Respectfully submitted,

*[signature]*

Attorney for Plaintiff

Dobbs and Hutchison
47 West Polk Street
Suite M-2
Chicago, Il 60605
312-461-9800