UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN KAPLAN, ) | |
| ) | |
| Plaintiff, ) | No.   08 C 752 |
| ) | |
| vs. ) | Judge Manning |
| ) | |
| SUSQUEHANNA INTERNATIONAL GROUP, LLP. ) | Magistrate Judge |
| LONG TERM DISABILITY PLAN, ) | Nolan |
| Designated for Employees of ) | |
| Susquehanna International Group. LLP., ) | |
| STANDARD INSURANCE COMPANY, ) | |
| in its capacity as Administrator ) | |
| of the Plan; ) | |
| ) | |
| Defendants. ) | |

**INITIAL JOINT STATUS REPORT**

Wherefore, pursuant to Magistrate Judge Nolan's standing order, the parties jointly file the following Initial Status Report:

1.  The Plaintiff has filed a claim under ERISA for continuing disability benefits under an employment-based Long Term Disability insurance policy. The Defendants have denied that the Plaintiff is eligible for further benefits under the Plan, and have asserted a counter-claim to recover overpaid benefits under 29 U.S.C. §1132(a)(3) based on the Plaintiff's receipt of deductible income.

2. Plaintiff was found to meet the definition of disability, and was paid $10,000.00 per month from after the expiration of the 180-day waiting period, April 23, 2003, for 24 months, until April 22, 2005. The Plaintiff is now claiming as damages the amount of $10,000.00/month from April 22, 2005 to the present, minus applicable set-offs for Social Security Disability Benefits, for a balance due of approximately $320,000.00 at this time, plus continuing benefits.

3. It is the understanding of the parties that this matter was referred to Magistrate Judge Nolan for discovery management.

4. There is no briefing presently on any matters.

5. The discovery status to date is that the Defendant has produced the 'Administrative Record'. Defendants have been granted leave to obtain limited discovery regarding the counterclaim. Plaintiff intends to file a Motion for Leave to Conduct Limited discovery pursuant to the recent Glenn case. It is Defendants' position that no discovery should be allowed with respect to the Plaintiff's claim for benefits in the Complaint under 29 U.S.C. §1132(a)(1)(B), because this is an ERISA case governed by the arbitrary and capricious standard of review.

6. The parties have not yet communicated concerning consent to trial before a magistrate judge.

7.  The parties have not conducted settlement negotiations.

8.  This report is being filed regarding the Case Management Status set for July 23, 2008.

Date: July 21, 2008					Respectfully submitted,

/s/Roger S. Hutchison
Attorney for Plaintiff

/s/Barrett Thies
(with consent)
Attorney for Defendants